```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

KELVIN J. READON, SR.,

        Plaintiff,

vs.                                    Case No. 2:10-cv-236-FtM-29SPC

LIEUTENANT KILGO and LIEUTENANT GATTO,

        Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court upon review of Defendants' Motion to Sever (Doc. #55, Motion), filed June 22, 2012. Plaintiff did not file a response to the Motion and the time to do so has expired. See docket. This matter is ripe for review.

**I.**

On June 13, 2012, the Court entered an Order granting in part and denying in part Defendants' Motion to Dismiss. See Doc. #53. Specifically, the Court found that the action should proceed against Defendant Kilgo with respect to the July 2 incident and against Defendants Gatto and Kilgo with respect to the July 8 incident. Id. at 20. Both incidents involve allegations of excessive use of force at Charlotte Correctional Institution. See generally id. Defendants were directed to file an Answer within fourteen days from the date on the Order. Id. at 20. Defendants filed their Answer and Affirmative Defenses on June 26, 2012. See Doc. #56. However, before filing their Answer,

Defendants move the Court to sever the claims raised in the Amended Complaint based on misjoinder. See generally Motion.

Specifically, Defendants Kilgo and Gatto request that the Court either dismiss the July 2 or July 8 incidents and allow Plaintiff to proceed with only one of those claims in this action. Id. Defendants argue that the two incidents involving the alleged excessive use of force are separate incidents and only the July 8 incident involves both Defendants Gatto and Kilgo. Id. at 1, 4. Defendants argue that allowing Plaintiff to file an action regarding the two separate incidents permits Plaintiff to proceed with two different claims while only paying one filing fee, contrary to the requirements of the Prison Litigation Reform Act. Id. at 3.

## II.

Under Federal Rule of Civil Procedure 18(a): "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Thus, Rule 18(a) permits a plaintiff to bring multiple claims against a single defendant. Both claims against defendant Kilgo are therefore proper. If, however, joining a claim requires joining additional parties, the claim must comply with Fed. R. Civ. P. 20.

Federal Rule of Civil Procedure 20(a)(2) states that defendants may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or

>     arising out of the same transaction, occurrence, or
>     series of transactions or occurrences; and
>
>     (B) any question of law or fact common to all defendants
>     will arise in the action.

Fed. R. Civ. P. 20(a)(2). Joinder of parties is generally encouraged in the interest of judicial economy, subject to fulfillment of two prerequisites: the persons who are joined as defendants must be interested in claims that arise out of the same transaction or occurrence, or series of transactions or occurrences; and, all the parties joined must share in common at least one question of law or fact. Alexander v. Fulton County, 207 F.3d 1303, 1323 (11th Cir. 2000), overruled other grounds, Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003).

In determining what constitutes a "transaction or occurrence" under Fed. R. Civ. P. 20, the Eleventh Circuit has stated that "'[t]ransaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." Id. (internal citations omitted). "All 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." Id. (internal citations omitted). The second requirement under Fed. R. Civ. P. 20 is that "*some* question of law or fact be common to all parties," but "does not require *all*

questions of law and fact raised by the dispute be common." Id. (emphasis in original)(citations omitted).

The claims raised in the Amended Complaint *sub judice* involve two alleged two separate incidents of alleged excessive use of force, only one of which involves both named Defendants. However, the two incidents occurred within five days of each other at Charlotte Correctional Institution. Additionally, the Court finds the claims involve common questions of law. The Court is not persuaded by Defendants' argument that the Court must sever the claims so that Plaintiff is required to pay two filing fees under the Prison Litigation Reform Act. See Romano v. Secretary, DOC, Case No. 2:06-cv-375-FtM-29DNF, 2011 WL 1790125 *5 (M.D. Fla. 2011). Instead, for purposes of judicial efficiency in this matter, the Court will deny Defendants' Motion and allow Plaintiff's excessive use of force claims to proceed in this action.

ACCORDINGLY, it is hereby

**ORDERED**:

Defendants' Motion to Sever (Doc. #55) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, on this __20th__ day of August, 2012.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record